FILED
SUPERIOR COURT
OF GUAM

2026 JUL 23 AM 11: 31

CLERK OF COURT

By:_____

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| TERRENCE LEON GUERRERO & NAYOUNG LEON GUERRERO, | Civil Case No. CV0077-26 |
| **Plaintiffs,** | |
| vs. | **DECISION AND ORDER RE: STATEMENT OF OBJECTION** |
| CALVO'S SELECTCARE, | |
| **Defendant.** | |

This matter is before the Honorable Dana A. Gutierrez for the limited purpose of reviewing the Statement of Objection (Jul. 2, 2026) filed by Terrence Leon Guerrero and Nayoung Leon Guerrero ("Plaintiffs"). Plaintiffs object to the Honorable Elyze M. Iriarte ("Judge Iriarte") presiding over the case pursuant to 7 GCA § 6107. Upon consideration of the pleadings and applicable Guam law, the Court **DENIES** Plaintiffs' Statement of Objection.

## BACKGROUND

On June 23, 2026, Plaintiffs filed their initial Statement of Objection. On July 1, 2026, Judge Iriarte struck the Statement of Objection because it failed to comply with the service requirements of 7 GCA § 6107. Order Striking Objection (Jul. 1, 2026); *see People v. Johnny*, 2006 Guam 10 ¶ 10 (holding that Guam judges may strike "formally defective" statements).

Plaintiffs re-filed their Statement of Objection the following day. Judge Iriarte then filed a Verified Answer on July 10, 2026, and an Amended Verified Answer on July 14, 2026.[1]

Plaintiffs make several factual allegations regarding "the background of [Judge Iriarte] and the Defendant Calvo's SelectCare, Inc." Statement of Objection at 1, ¶ 1. First, Plaintiffs allege:

> On information and belief, the Honorable Elyze Iriarte was appointed by former Governor Eddie Baza Calvo in 2016. Former Governor Eddie Baza Calvo is the brother of Paul A. Calvo, President and Chief Executive Officer of Calvo's Insurance Underwriters, Inc. the managing general agent for Defendant Calvo's SelectCare, Inc.

*Id.* In response, Judge Iriarte admits she was appointed by former Governor Calvo, but denies that there is any "implicit or explicit link between my appointments and how [she] handle[s] cases involving companies managed by his family members." Am. V. Answer at 1–2, ¶ 1 (Jul. 14, 2026). Judge Iriarte denies that this fact warrants her disqualification. *Id.*

Second, Plaintiffs allege that before becoming a judge, Judge Iriarte "was a founding partner of the Iriarte, Camacho, Calvo Law Group." Statement of Objection at 1, ¶ 4. In response, Judge Iriarte does not deny the allegation, but asserts Plaintiffs have "fail[ed] to explain how this fact mandates recusal in this case." Am. V. Answer at 2, ¶ 2.

Third, Plaintiffs allege that Judge Iriarte "is likely insured by Defendant Calvo's SelectCare, Inc., as Defendant is . . . the health insurer for the Judiciary of Guam." Statement of Objection at 2, ¶ 5. In response, Judge Iriarte denies the allegation. Am. V. Answer at 2, ¶ 3.

Fourth, Plaintiffs allege that Judge Iriarte is "closely related" to Paul A. Calvo, who (as noted above) is the President and Chief Executive Officer of Calvo's Insurance Underwriters, Inc. Statement of Objection at 2, ¶ 6. In response, Judge Iriarte admits she is related to Paul A. Calvo,

---

[1] The Amended Verified Answer is identical to the original Verified Answer, except that it appends a Decision and Order referenced in, but inadvertently omitted from, the filing of the Verified Answer. *See* Am. V. Answer at 1 n.1 (Jul. 14, 2026).

but explains they are second cousins. Am. V. Answer at 2, ¶ 4. Judge Iriarte asserts that second cousins are not "within the third degree of relationship" of one another, as contemplated by 7 GCA § 6105(b)(5), and therefore denies this fact warrants her disqualification. *Id.*

Fifth, Plaintiffs allege that "the law firm representing Defendant, Calvo Jacob & Pangelinan, LLP was founded by Eduardo A. Calvo, brother of former Governor Eddie Baza Calvo." Statement of Objection at 2, ¶ 7. In response, Judge Iriarte "den[ies] the accuracy of this allegation and also den[ies] that any familial relationship between Governor Calvo and Defendant's counsel's founder" requires her disqualification. Am. V. Answer at 2, ¶ 5.

This matter was assigned to this Court pursuant to 7 GCA § 6107. Upon reviewing the pleadings, the Court determined a hearing on the matter was unnecessary and took the matter under advisement.

## DISCUSSION

In Guam, the substantive grounds for judicial disqualification are set forth in 7 GCA § 6105(a) and (b). As explained in more detail below, subsections (a) and (b) are distinct grounds for disqualification, and they are analyzed under different legal standards. However, the Statement of Objection does not cite to either subsection. The Statement of Objection makes several factual allegations but offers no legal argument as to how these allegations connect to the applicable disqualification rule. Nonetheless, the Court will consider these factual allegations in light of both 7 GCA § 6105(a) and (b), taking the two subsections in reverse order.

### 1.     Judge Iriarte is Not Disqualified Under 7 GCA § 6105(b)

Under 7 GCA § 6105(b), a judge shall disqualify herself if any of the following circumstances are present:

> (1) Where he or she has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

3

(2) Where in private practice he or she served as a lawyer in the matter in controversy, or a lawyer with whom he or she previously practiced law served during such association as a lawyer or either has been a material witness concerning the matter;

(3) Where he or she has served in governmental employment and in such capacity participated as counsel, advisor or material witness concerning the proceeding or, as such government employee, expressed an official opinion concerning the merits of the particular matter in controversy;

(4) Where he or she knows that he or she, individually or as a fiduciary, or his or her spouse or minor child residing in his or her household, has a financial interest in the subject matter in controversy or is a party to the subject matter in controversy or is a party to the proceeding, or in any other interest that could be substantially affected by the outcome of the proceeding;

(5) Where he or she or his or her spouse, or a person within the third degree of relationship to either of them, or the spouse of such person:

> (A) is a party to the proceeding, or an officer, director, or trustee of a party;
> (B) is acting as a lawyer in the proceeding;
> (C) is known by the Judge to have an interest that could be substantially affected by the outcome of the proceeding;
> (D) is to the Judge's knowledge likely to be a material witness in the proceeding.

Title 7 GCA § 6105(b) provides for a judge's "automatic disqualification" if the parties do not agree to waive the conflict. *People v. Tennessen*, 2010 Guam 12 ¶ 45; *see also* 7 GCA § 6105(b) (if "all parties agree to having the Judge continue to sit in the proceedings, he or she need not disqualify himself or herself."). However, the facts alleged do not trigger disqualification under subsection (b). At the outset, 7 GCA § 6105(b)(1)–(b)(3) are facially inapplicable here. Subsection (b)(1) does not apply because Plaintiffs have not alleged that Judge Iriarte has an actual personal bias regarding this matter, nor that she has personal knowledge of disputed material facts.

Subsection (b)(2) does not apply because Plaintiffs have not alleged that Judge Iriarte served as a lawyer in this matter, or that any of her former law partners served as a lawyer in this matter while Judge Iriarte was still associated with them.[2] Subsection (b)(3) does not apply because Plaintiffs have not alleged that Judge Iriarte has participated in this matter under "governmental employment" as counsel, advisor, or witness.

With respect to 7 GCA § 6105(b)(4), the only factual allegation that might implicate Judge Iriarte's personal interest in the matter is the allegation that Judge Iriarte receives her health insurance through Calvo's SelectCare. Statement of Objection at 2, ¶ 5. However, Judge Iriarte has denied this allegation under penalty of perjury. Am. V. Answer at 2, ¶ 3. The Court accepts Judge Iriarte's representation and therefore does not find that this allegation warrants her disqualification under 7 GCA § 6105(b)(4).

With respect to 7 GCA § 6105(b)(5), Plaintiffs allege that Judge Iriarte is "closely related" to Paul A. Calvo.[3] Statement of Objection at 2, ¶ 6. However, subsection (b)(5) applies only to a judge's relation to a person "within the third degree of relationship." 7 GCA § 6105(b)(5). Judge Iriarte asserts, under penalty of perjury, that she and Paul A. Calvo are second cousins. Am. V. Answer at 2, ¶ 4. Second cousins are persons of the sixth degree of consanguinity. *See Njie v. Lubbock County, Tex.*, 999 F. Supp. 858, 862 (N.D. Tex. 1998) (citing 23 Am. Jur. 2d *Descent and Distribution* § 55 (1983)). Thus, Paul A. Calvo is not within the third degree of relationship to

---

[2] Although Plaintiffs allege that Judge Iriarte was the founding partner of the Iriarte, Camacho, Calvo Law Group, Statement of Objection at 1, ¶ 4, Plaintiffs do not allege that this firm, or its lawyers, are affiliated with this case. And although Plaintiffs allege that the Calvo Jacob & Pangelinan, LLP firm is affiliated with this case, *id.* at 2, ¶ 7, Plaintiffs do not allege that this firm, or its lawyers, were ever affiliated with Judge Iriarte before she became a judge. Thus, neither allegation implicates 7 GCA § 6105(b)(2).

[3] Plaintiffs also allege that "[t]he father of Paul A. Calvo is Paul McDonald Calvo." Statement of Objection at 2, ¶ 6. However, Plaintiffs do not explain whether Paul McDonald Calvo has any connection to this case. At any rate, even if he is connected to this case, he is the father of Judge Iriarte's second cousin, and thus of the fifth degree of consanguinity to Judge Iriarte. That relationship is also outside the scope of 7 GCA § 6105(b)(5).

Judge Iriarte, which means their familial relationship does not trigger 7 GCA § 6105(b)(5). *Cf.*
*Ada v. Gutierrez*, 2000 Guam 2 ¶ 19 (holding that relationships of the fourth and sixth degree of
relationship are "unambiguously beyond the realm of where a party can question a judge's
impartiality.").

In sum, Judge Iriarte is not disqualified under 7 GCA § 6105(b). The Court next turns to 7
GCA § 6105(a).

### 2. Judge Iriarte is Not Disqualified Under 7 GCA § 6105(a)

Under 7 GCA § 6105(a), absent a waiver by all parties, a judge shall disqualify herself in
"any proceeding in which his or her impartiality might reasonably be questioned." A court must
measure the appearance of bias under an "objective, reasonable person standard," inquiring
"whether a reasonable person would have a reasonable basis for questioning the judge's
impartiality." *San Agustin v. Superior Court*, 2024 Guam 2 ¶ 23 (quoting *Tennessen*, 2010 Guam
12 ¶¶ 33, 49). "Under this standard, a reasonable person is assumed to know all the facts, and
understands the contexts of the jurisdictions, parties, and controversies involved, including such
realities of the Guam judicial system as the relatively small number of lawyers in the Guam bar
and the nature of Guam families." *Id.* ¶ 23 (cleaned up) (quoting *Van Dox v. Superior Court*, 2008
Guam 7 ¶ 32). The purpose of 7 GCA § 6105(a) is "to avoid even the appearance of bias." *Id.* ¶ 22
(quoting *Tennessen*, 2010 Guam 12 ¶ 33). At the same time, the statute is not intended to "bestow
veto power over judges or to be used as a judge shopping device." *Id.* ¶ 24 (quoting *People v.*
*Camaddu*, 2015 Guam 2 ¶ 80). Consequently, "a party's one-sided perception of an appearance of
bias is not grounds for disqualification." *Id.* ¶ 25.

The Court interprets the Statement of Objection to assert an "appearance of bias" inherent
to Judge Iriarte presiding over a case involving the Calvo family. The allegations relevant to this

6

claim are (1) Judge Iriarte is related to Paul A. Calvo, the "managing general agent" for the Defendant; (2) Judge Iriarte was appointed to be a judge by former Governor Eddie Baza Calvo, who is the brother of Paul A. Calvo; and (3) Defendant is represented by Calvo Jacob & Pangelinan, LLP, which was founded by another brother of Governor Eddie Baza Calvo. Statement of Objection at 1–2, at ¶¶ 3, 6, 7.[4]

However, a reasonable person would not conclude that these allegations create an appearance of bias. First, as to Judge Iriarte's familial relationship to Paul A. Calvo, the Court again notes that this is a second-cousin relationship, i.e., a relationship of the sixth degree of consanguinity. A relationship of this distance is "unambiguously beyond the realm of where a party can question a judge's impartiality." *Ada*, 2000 Guam 22 ¶ 18; *see Liteky v. United States*, 510 U.S. 540, 553 (1994) ("It would obviously be wrong, for example, to hold that 'impartiality could reasonably be questioned' simply because one of the parties is in the fourth degree of relationship to the judge."); *In re Asia Pac. Fin. Mgmt. Grp.*, 2023 WL 3514098 * 2 (D. Guam May 17, 2023) (finding no appearance of bias based on relationship of the fifth degree of consanguinity). Additionally, Plaintiffs have not alleged any special closeness between Judge Iriarte and Paul A. Calvo beyond that of a typical sixth-degree relationship. *Cf. In re Faulkner*, 856 F.2d 716, 718 (5th Cir. 1988) (finding appearance of impropriety because judge's relationship with first cousin was "more like that of brother and sister"). A reasonable person would not find that the mere fact of a second-cousin relationship between Judge Iriarte and Paul A. Calvo creates an appearance of impropriety.

---

[4] The Court does not find any appearance of impropriety based on Judge Iriarte's alleged insurance relationship with Calvo's SelectCare because, as noted above, the Court accepts Judge Iriarte's representation that she is not insured by Calvo's SelectCare. The Court also does not find any appearance of impropriety based on Judge Iriarte's former employment with the Iriarte, Camacho, Calvo Law Group because Plaintiffs have not alleged that this law firm is associated with the case.

Second, as to Judge Iriarte's appointment by former Governor Calvo, the Court is not persuaded that this creates an appearance of bias. First, Governor Calvo is not a party to this case, and the Plaintiffs have not alleged that he will be a witness, or that he has a discernible interest in this case. Second, beyond the fact of appointment and the familial relationship, Plaintiffs have not alleged any facts to suggest that former Governor Calvo and Judge Iriarte have a particularly close relationship, or that Judge Iriarte has "used [her] power . . . to thank the official who appointed [her]." *Ada*, 2000 Guam 22 ¶ 23. Third, case law from both Guam and other jurisdictions indicates that judges are not necessarily prohibited from presiding over cases in which the appointing governor himself is a party. *See Ada*, 2000 Guam 22 ¶ 23 (allowing judge to preside over election case involving governor who appointed him; "[w]ithout knowledge of specific deeds, we have no reason to assume that elected officials place individuals in the judiciary for the purpose of having someone in the court who will always favor them."); *United States v. Gordon*, 974 F.2d 1110, 1114 (9th Cir. 1992) ("It is not reasonable to suspect that Judge Rafeedie's ability to preside impartially [over case where President Reagan was the victim] would be affected by the fact that President Reagan appointed him."). It follows, then, that a judge is also not necessarily prohibited from presiding over cases in which the appointing governor is merely *related to* a party. Accordingly, a reasonable person would not find that the appointment relationship between former Governor Calvo and Judge Iriarte creates an appearance of impropriety.

Third, as to Judge Iriarte's purported connection to Eduardo A. Calvo of the Calvo Pangelinan & Jacob, LLP law firm, the Court notes that Judge Iriarte has denied the "accuracy of this allegation." Am. V. Answer at 2, ¶ 5. Even had she not done so, the Court does not believe an appearance of impropriety arises from this allegation. If (as Plaintiffs allege) Eduardo A. Calvo is the brother of former Governor Calvo, who is himself the brother of Paul A. Calvo, then all three

8

men are of the sixth degree of consanguinity to Judge Iriarte. This places Eduardo A. Calvo, like Paul A. Calvo, at a familial distance beyond that in which the appearance of impropriety arises. *See Ada*, 2000 Guam 22 ¶ 18; *Liteky*, 510 U.S. at 553; *In re Asia Pac. Fin. Mgmt. Grp.*, 2023 WL 3514098 * 2. Thus, just as a reasonable person would not find the familial relationship between Paul A. Calvo and Judge Iriarte creates an appearance of impropriety, a reasonable person would also not find the familial relationship between Eduardo A. Calvo and Judge Iriarte creates an appearance of impropriety.

In sum, Judge Iriarte is not disqualified under 7 GCA § 6105(a), either.

## CONCLUSION

Based on the above analysis, the Court concludes that the Statement of Objection does not allege facts that disqualify Judge Iriarte under 7 GCA § 6105(a) or (b). The Court therefore **DENIES** Plaintiffs' Statement of Objection, and the case shall remain before Judge Iriarte.

**SO ORDERED** this 23rd day of July, 2026.

**HONORABLE DANA A. GUTIERREZ**
Judge, Superior Court of Guam

9